**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advanced Reimbursement Solutions LLC, et al., <br><br>Plaintiffs, <br><br>v. <br><br>Aetna Life Insurance Company, et al., <br><br>Defendants. | No. CV-19-05395-PHX-DLR <br><br>**ORDER** |

Before the Court is Aetna's Motion to Limit Application of ARS & ASD's Non-Disclosure Agreements. (Doc. 419.) These issues were first raised in a discovery dispute memorandum (Doc. 404)[1] and discussed at a telephonic discovery dispute hearing on May 21, 2021 (Doc. 408). After the parties argued diametrically opposed positions on the state of the law regarding informal discovery implicating non-disclosure agreements ("NDAs"), the Court ordered supplemental briefing. The motion has been fully briefed and for the reasons set forth below is denied.

The NDAs in dispute are those signed by the out-patient treatment centers ("OTCs") and third parties. ARS and ASD do not dispute that, despite the NDAs, the information covered by the NDA's may be disclosed to Aetna in formal discovery. However, Aetna seeks an order permitting the signatories to the NDAs to speak freely with Aetna outside of a deposition. (Doc. 419 at 2.) Aetna argues that the NDAs are exceptionally broad and hamper its ability to obtain even basic information about ARS's and ASD's conduct outside

---

[1] Samples of the NDAs were attached as exhibits to Doc. 404.

of formal discovery. The issue before the Court is how the NDAs impact Aetna's request to interview, outside formal discovery, the OTCs and third parties who signed them.

In its supplemental briefing, Aetna cites no case holding that NDAs are void as a matter of law because they interfere with informal discovery in a civil case between private parties. In *Chambers v. Capital Cities/ABC*, 159 F.R.D. 441, 444 (S.D.N.Y. 1995), the district court found that public policy favors employees voluntarily participating in investigations of federal law violations, despite an NDA, so long as the investigation of the wrongdoing has nothing to do with trade secrets or other confidential business information. The court refused, however, to adopt the plaintiff's counsel's proposal that he be allowed to tell former employees "that they need not be concerned about any untoward consequences of violating any agreement to keep silent which they may have entered into with [the defendant]." *Id.* at 445. The court explained that "such a remedy . . . would make plaintiff's counsel the decisionmaker concerning what confidentiality requirements were related to genuine trade secrets [and] other legitimately privileged information, and which dealt with concealment of information relating to potential improprieties on the part of the employer. . . . To permit such assurances to be given would put legitimate as well as illegitimate confidentiality arrangements at risk." *Id.*

The cases that have dealt with the question of the enforcement of NDAs during civil litigation have generally found them enforceable. Although it did not find a public policy exception to the enforcement of an NDA, the Ninth Circuit in *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.* 637 F.3d 1047, 1062 (9th Cir. 2011), discussed what protections for an employee removing documents in violation of a confidentiality agreement in the context of a False Claims Act claim might look like. It noted that protection of the employee violating the NDA would be limited and would require a showing of justification, i.e., the necessity of the documents removed by the employee to pursue the claim. The Court also noted that the protection would be limited to only those necessary documents.

Agreements requiring a person to remain silent about the events leading up to a

dispute or illegal practice, absent an otherwise valid reason to protect that information, are against public policy. However, NDAs that protect against disclosures of legitimately confidential information, such as trade secrets, may be enforced, despite the interference or inconvenience they create to an investigation into a civil lawsuit. The burden is on the party seeking to interview those bound by the NDA to show need for the information, that the information sought is not outside the scope of that need and does not involve areas of legitimate confidential business information. Aetna has not met that burden.

**IT IS ORDERED** that Aetna's Motion to Limit Application of ARS & ASD's Non-Disclosure Agreements (Doc. 419) is **DENIED**.

Dated this 15th day of July, 2021.

Douglas L. Rayes
United States District Judge