**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advanced Reimbursement Solutions LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Aetna Life Insurance Company, et al., <br><br> Defendants. | No. CV-19-05395-PHX-DLR <br><br> **ORDER** |

Before the Court is Defendant's/Counterclaimant's Aetna Life Insurance Company and Aetna Inc. (collectively "Aetna") Motion to Compel Compliance with Aetna's Subpoena's to Third Parties Jon Tanner, D.C., Needlez, LLC, Legal Advances Now, LLC, HT Professional Services, LLC, Dr. Jon Tanner Chiropractic and Acupuncture, LLC and Prestige Worldwide DME, LLC (Doc. 444). The motion has been fully briefed and for the reasons set forth herein is granted in part and denied in part.

**I.   Background**

Aetna served subpoenas pursuant to Rule 45 Fed. R. Civ. P. on Jon Tanner, D.C ("Tanner") and several of his corporate entities ("Tanner Entities"). Tanner and the Tanner Entities have refused to honor the subpoenas, raising objects based on their Fifth Amendment rights, attorney-client privilege, relevance, and undue burden. Aetna brought this motion seeking to enforce compliance with the subpoenas.

**II.   Relevance and Undue Burden**

1  Tanner and the Tanner Entities argue that the subpoena imposes an undue burden because the requests are too vague and indefinite to be understood and not limited in time and because some of the requests are duplicative or ask for documents that cannot be reached through a subpoena or do not exist.

Tanner and Tanner Entities also argue that Aetna has not shown that it attempted to obtain the same documents from parties in the case. However, in its Reply Aetna explains that at the deposition of Valley Pain's Chief Operation Officer it learned that the documents requested are solely in the possession of Tanner. Based on that testimony, the question of proportionality turns on the difficulty and cost to Tanner and the Tanner Entities in gathering and producing the requested documents. Tanner has argued but not explained or shown what burden would be associated with the production of those items. Because information of the costs and burdens of such production lies exclusively within Tanner's knowledge, and because no showing has been offered, the Court finds there is no undue burden with such production based solely on the argument that Aetna could have obtained the subpoenaed documents from the parties.

The subpoenas in question are contained in Exhibits 1 and 2 to the redacted Motion Compel Compliance with Aetna's Subpoena's to Third Parties (Doc. 444), contained in Docs. 444-1 and 444-2. The objections to the breadth of the requests are well taken, both as to time and in some instances the documents requested.

As to Doc. 444-1, the subpoena to Jon Tanner, D.C., the Court finds that the portions of Request No. 1 requesting "All documents… If the respective rights and responsibilities of the parties are not defined in written contracts or agreements, provide sufficient documentation to identify and define each party's rights and responsibilities under each contract or agreement" overbroad in scope and time. As it is constructed, it appears to be unduly burdensome. It asks for more than just the agreements; the request would require an extensive search and review of documents to answer questions about the parties and their agreements. The objection to Request No. 1 is sustained.

Request No. 2 is overly burdensome for the same reasons as No. 1 but also is

incomprehensible. It asks for documents pertaining to oral agreements and modifications of oral agreements. Oral agreements are not in writing. Although there may be communications or other writings which set forth some aspects of the agreements that are sought, this request is so broad as to amount to a fishing expedition which would require research by the responding entities.

Requests Nos. 3-12 are overly broad as to time. However, in its reply Aetna limits the time frame of the requests to the period of January 1, 2015 to present, the period of its claims against the counter-defendants. Accepting the limitation of the time associated with the request set forth above, the Court finds that Requests No. 3-12 are not overly burdensome or vague.[1]

The documents requested of the Tanner Entities contained in Doc. 444-2, mirror those requested of Tanner, except Doc. 444-2 does not contain Nos. 7, 8, and 10 of Doc. 444-1. The Court's ruling on the documents requested in Doc. 444-1 apply to the same document requests in Doc. 444-2.

The question of relevance of the documents requested is relatively straight-forward. Aetna's counterclaim alleges a scheme of overbilling and kickbacks wherein health care providers were enlisted to send patients to Tanner and Tanner Entities as well as to other doctors and chiropractors. The documents that allegedly set forth the communications and agreements between those allegedly involved in the scheme go the heart of Aetna's claims. Tanner and Tanner Entities' relevance argument, that the documents sought in subpoena should have been sought from parties to the suit, is disputed by Aetna who has shown that it sought those documents and has been informed that they are only in Tanner's possession. There being no showing that the documents are available from the parties, Tanner's relevance and undue hardship objections are overruled.

### III.    Fifth Amendment

The Tanner Entities argue that the production of the requested documents may tend

---

[1] This is the type of objection that should have been resolved through a good-faith consultation, rather than through a motion brought to the Court.

to incriminate them criminally and therefor violate their Fifth Amendment rights. It is established law that the Tanner Entities do not have rights under the Fifth Amendment. In a per curiam opinion, *In re Twelve Grand Jury Subpoenas*, 908 F. 3d 525 (9th Cir. 2018), the Ninth Circuit, citing *Braswell v. United States*, 487 U.S. 99, 104 (1988), stated "[t]he privilege applies to individuals and to sole proprietorships, which do not, as a legal matter, exist separately from the individuals who comprise them, but 'corporations and other collective entities' do not enjoy the privilege." *Id.* at 528. That opinion also rejected the arguments made by Tanner, that *Braswell* has been or will be overruled by *Burwell v. Hobby Lobby* 573 U.S. 682 (2014) and *Citizens United. Fed. Election Comm'n,* 558 U.S. 310 (2010). This Court, as is the Ninth Circuit, "remains bound by *Braswell* until the Supreme Court says otherwise." 980 F. 3d at 529.

Tanner Entities' objections to responding to the subpoena based on the claim that they can avoid answering the subpoena because the documents produced or because the act of producing them in response to the subpoena violates its Fifth Amendment rights against self-incrimination are overruled.

**IV.     Attorney-Client Privilege**

Tanner and Tanner Entities both appear to claim that all communications with attorney Mitchell are privileged. They claim that they should not have to respond or produce a privilege log because the request is not limited in time or scope. The Court has accepted Aetna's time limitation as the time involved in its claims as January 1, 2015 to the present as the time limit to be applied to the items requested in the subpoena.

Based on the claim that all communications with attorney Mitchell are privileged, the Court cannot make any determination about the privileged nature of any communication, without the information contained in the standard privilege log including the nature of the communications, those to whom the communications were made and basis for the claim that the communications involved the seeking or giving of legal advice. Tanner's and Tanners Entities' objection based on a claimed attorney-client privilege as to all communications is overruled. The communications are relevant to the claims of a

scheme asserted by Aetna. The objection that the production is overly burdensome is overruled. The burden of producing the documents is exclusively in the control of Tanner and Tanner Entities. They have not shown what the burden would be, other than the production of a privilege log, an ordinary means of preserving a privilege. The objection to the subpoenas based on attorney client privilege are overruled. Any documents that are withheld due to a claim of attorney-client privilege must be listed in a proper privilege log.

**IT IS ORDERED** that Defendant's/Counterclaimant's Aetna Life Insurance Company and Aetna Inc. (collectively "Aetna") Motion to Compel Compliance with Aetna's Subpoena's to Third Parties Jon Tanner, D.C., Needlez, LLC, Legal Advances Now, LLC, HT Professional Services, LLC, Dr. Jon Tanner Chiropractic and Acupuncture, LLC and Prestige Worldwide DME, LLC (Doc. 444) is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**IT IS FURTHER ORDERED** that any documents withheld from production based on a claim of the attorney-client privilege must be identified in a privilege log submitted within 21 days of this order.

Dated this 3rd day of January, 2022.

Douglas L. Rayes
United States District Judge