WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advanced Reimbursement Solutions LLC, et al., <br><br>Plaintiffs, <br><br>v. <br><br>Aetna Life Insurance Company, et al., <br><br>Defendants. | No. CV-19-05395-PHX-DJH <br><br>**ORDER** |

Pending before the Court is Plaintiffs/Counterdefendants Arrowhead Outpatient Treatment Center, LLC, Lakeshore Interventional Treatment Center, LLC, Mesa Outpatient Treatment Center, LLC, Tempe Interventional Treatment Center, LLC, Tempe Outpatient Treatment Center, LLC, and West Valley OTC, LLC; and Valley Pain Centers, LLC, Valley Pain Centers of Peoria, LLC, and Valley Pain Centers of Arizona, LLC (collectively, "the OTCs") Motions for Leave to Amend the Amended Complaint filed by Advanced Reimbursement Solutions, LLC ("ARS") at Doc 527.  (Docs. 550, 551).

**I.   Background**

In its previous Order, the Court found ARS lacked standing to bring the claims against Aetna because the Patient Plaintiffs did not assign their claims to ARS, but rather to the OTCs.[1]  (Doc. 519 at 9).  The Court thus granted Aetna's Motion to Dismiss for lack of subject-matter jurisdiction and granted ARS' request for "leave to amend its complaint

---

[1] The Court will adhere to the findings of Judge Rayes' prior Orders.  *See United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) (Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.").

to add the OTCs as plaintiffs." (Doc. 519 at 9). ARS then filed an Amended Complaint that added the OTCs as Plaintiffs. (Doc. 527 at 3). The OTCs now seek leave to amend the Amended Complaint. (Docs. 550, 551).

Aetna argues the motions to amend are futile because joinder of real parties in interest cannot cure the Court's lack of subject matter jurisdiction. (Doc. 574 at 8). The OTCs argue the Court's previous Order determined ARS lacked prudential standing—not Article III standing—and thus can be cured by adding the OTCs as plaintiffs under Rule 17. (Doc. 608 at 4). The OTCs further argue the Court's previous Order already decided the issue of adding the OTCs as the real parties in interest and that Aetna is asking this Court to reconsider a prior ruling. (Doc. 619 at 5).

**II.  Discussion**

Two issues are before the Court: (1) whether Federal Rule of Civil Procedure 17(a)(3) permits ARS to substitute the OTCs as the real parties in interest and (2) whether the OTCs should be granted leave to amend the Amended Complaint.

**1. ARS' Substitution of the OTCs under Fed. R. Civ. P. 17(a)(3)**

As an initial matter, the Court already considered and ruled on whether the OTCs could be joined as real parties in interest. Indeed, the Court found "[a]dding the OTCs as plaintiffs does not appear to be a futile exercise; even Aetna agrees that if the Patient Plaintiffs validly assigned their interests to the OTCs, the OTCs would be the real parties in interest." (Doc. 519 at 9). The Court explicitly noted that Aetna did not object to adding the OTCs as the real parties. "And Aetna does not claim it would be prejudiced by ARS's proposed amendment. In fact, Aetna fails to meaningfully address ARS's request at all, arguing instead that '[w]hether ARS could have brought claims on behalf of the OTC[s] is of no import because it did not do so.'" (*Id.* at 10). However, even if the Court considered Aetna's belated objection, ample precedent supports the Court's decision to allow ARS to amend its complaint to add the OTCs as real parties in interest.

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). But "[t]he court may not dismiss an action for failure to prosecute in the name

of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3).

A plaintiff lacks prudential standing if he is not asserting his "own legal interests as the real party in interest." *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004). Lack of prudential standing "does not rob the court of subject matter jurisdiction, but rather can be remedied under [Rule 17(a)(3)]." *Kulberg v. Washington Mut. Bank*, 2011 WL 13356113, at *2 (S.D. Cal. June 20, 2011) ("Though Plaintiff lacks standing to bring this lawsuit, dismissal for noncompliance with Rule 17(a) is not appropriate because Plaintiff has not yet had the opportunity to cure his standing defect.").

In *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, the court addressed the question of whether the original plaintiff possessed Article III standing when the case was initiated, and, if not, whether the added plaintiff was nevertheless able to join the action through Rule 17. The court concluded that, "while the [original plaintiff] lacked standing at the time the case was commenced, Article III was nonetheless satisfied because the [added plaintiff], the real party in interest, has had standing at all relevant times and may step into the [original plaintiffs] shoes without initiating a new action from scratch." *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 375 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 757, 211 L. Ed. 2d 475 (2022).

Here, the Court found ARS did not have standing because if "the Patient Plaintiffs validly assigned their claims to the OTCs . . . the OTCs would be the proper parties to bring this lawsuit." (Doc. 519 at 9). The proper remedy, therefore, was to permit ARS to add the OTCs as the real parties in interest. *See Fund Liquidation Holdings LLC*, 991 F.3d at 386 ("Article III is satisfied so long as a party with standing to prosecute the specific claim in question exists at the time the pleading is filed. If that party (the real party in interest) is not named in the complaint, then it must ratify, join, or be substituted into the action within a reasonable time. Only if the real party in interest either fails to materialize or lacks

standing itself should the case be dismissed for want of subject-matter jurisdiction.")

**2. Leave to Amend the Amended Complaint**

The only remaining issue is whether the OTCs should be granted leave to amend the Amended Complaint.

When assessing the propriety of a motion for leave to amend, the court considers factors such as: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Aetna has presented no arguments in its Response apart from arguing that further amendment would be futile because ARS should not have been allowed to file the Amended Complaint because adding the OTCs does not cure the Court's lack of subject matter jurisdiction. (Doc. 574 at 6–12). The Court, however, has already found that adding the OTCs was not futile.[2] The Court further finds the OTCs have not previously amended its complaint. There is no evidence of bad faith or undue delay. Finally, Aetna does not claim it would be prejudiced by allowing the OTCs to amend its complaint.[3]

Given Aetna raised no further arguments, and the OTCs brought the motion to amend because of the purported pleading deficiencies in the Amended Complaint raised by Aetna during the parties meet and confer, the Court will grant the Motions. (Doc. 550 at 6). The parties agreed, and the Court deems it appropriate, to submit a single, omnibus First Amended Complaint, which will incorporate the shared and independent allegations. (Doc. 550 at 2 n.2).

Accordingly,

---

[2] Although Aetna continues to raise the question of subject matter jurisdiction, this issue is not fully briefed. If Aetna contends the Patient Plaintiffs did not validly assign their claims to the OTCs, then Aetna may raise the issue of subject matter jurisdiction in subsequent motions. This Court, however, will follow suit with the previous Order and allow the OTCs to be added as plaintiffs.

[3] The Court also notes Aetna has been granted three opportunities to amend its counterclaims against the counter defendants. (Doc. 544).

**IT IS HEREBY ORDERED** that both Arrowhead OTCs and Valley Pain's Motions for Leave to Amend the Amended Complaint (Docs. 550, 551) are **granted**.

**IT IS FURTHER ORDERED** that the parties shall file a single, omnibus First Amended Complaint which includes all shared and independent allegations and claims no later than **30 days** from the date of this Order.

Dated this 21st day of June, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge