**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Valley Pain Centers LLC, et al., | No. CV-19-05395-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Aetna Life Insurance Company, et al., | |
| Defendants. | |

Counterclaim Defendants Sean Maldonado and James Allen have filed "joinders"[1] (Docs. 633 and 637, respectively) to Greg Maldonado's Motion to Dismiss (Doc. 631-1).[2] Having resolved Greg Maldonado's Motion, the Court will now issue its rulings on Sean Maldonado and James Allen's Motions to Dismiss.

**I.    Background[3]**

As discussed in its prior Order (Doc. 700), after receiving leave to amend, Aetna filed its Third Amended Counterclaims ("TACC") on April 4, 2022.[4] The TACC includes

---

[1] Although the Motions are titled as "Joinders," the parties recently represented to the Court that Sean Maldonado and James Allen dispute that the Court's Order resolving Greg Maldonado's Motion to Dismiss also resolved their Motions. (Doc. 703 at n.2).

[2] Aetna filed a Response in Opposition to their joinders. (Doc. 658).

[3] The Court's prior Order (Doc. 700) contained an extensive background, and the Court incorporates the factual background section of that Order here.

[4] *See Advanced Reimbursement Sol. LLC v. Aetna Life Ins. Co.*, No. 2:19-cv-05395-DLR (D. Ariz. May 25, 2022) (Doc. 544); Sealed Third Amended Complaint, *Advanced Reimbursement Sol. LLC v. Aetna Life Ins. Co.*, No. 2:19-cv-05395-DLR (D. Ariz. Apr. 8, 2022) (Doc. 547).

the same thirteen separate claims as the Second Amended Complaint but, among other Counterclaim Defendants, Aetna added Counterclaim Defendants Greg Maldonado and Thomas Moshiri in their personal capacities. (Doc. 547 at 2, 62–90). Aetna also added Counterclaim Defendants Sean Maldonado and James Allen in their personal capacities. (*Id.*) Sean Maldonado is the Assistant Director of Operations at Pantheon Global Holdings, LLC.[5] (*Id.* at ¶ 32). James Allen is the Executive Vice President of Advanced Reimbursement Solutions, LLC ("ARS") and Pantheon Global Holdings, LLC. (*Id.* at ¶ 33).

Greg Maldonado and Thomas Moshiri moved to dismiss the counterclaims against them on the basis that neither of them were personally liable for the actions committed by ARS, American Surgical Development ("ASD"), or their respective outpatient treatment centers ("OTCs"). They argued that none of Aetna's counterclaims contained sufficient factual allegations as to their involvement in the alleged scheme. (Docs. 627; 631-1).

The Court granted Greg Maldonado and Thomas Moshiri's Motions to Dismiss Aetna's negligent misrepresentation counterclaim (counterclaim four), its state and federal RICO counterclaims (counterclaims five, six, seven, and eight), and its ERISA counterclaim (counterclaim eleven). The Court denied their Motions, however, as to Aetna's tortious interference with contract, fraud, civil conspiracy, aiding and abetting, unjust enrichment, and money had and received counterclaims (counterclaims one, two, three, nine, ten, twelve, thirteen).

The Court will now consider Sean Maldonado and James Allen's Joinder Motions.

**II.    Legal Standards**

Like Counterclaim Defendants Greg Maldonado and Thomas Moshiri, Counterclaim Defendants Sean Maldonado and James Allen seek to dismiss Aetna's counterclaims under both Federal Rules of Civil Procedure 12(b)(6) and 9(b). Again, the Court incorporates and applies the legal standards articulated in its prior Order. (Doc. 700 at 5–7).

---

[5] Patheon Global Holdings, LLC is the sole member of ARS. (Doc. 547 at ¶ 29).

### III. Discussion

The Court will begin with Sean Maldonado's Motion and then consider James Allen's Motion.

#### A. Counterclaim Defendant Sean Maldonado's Motion (Doc. 633)

Sean Maldonado moves to dismiss the counterclaims against him[6] on the same grounds as Greg Maldonado. (*See* Doc. 633 at 1 stating "[a]ll arguments Greg Maldonado made in the Motion apply equally to and are hereby asserted by Sean Maldonado"). Because Sean Maldonado asserts the same arguments as Greg Maldonado, the Court finds the reasoning behind its ruling on Greg Maldonado's Motion to Dismiss applies equally to Sean Maldonado's Motion.

In its prior Order, the Court found Aetna's fraud allegations against Greg Maldonado allowed the Court to draw reasonable inferences that Maldonado was put on fair notice and Aetna had satisfied Rule 9(b)'s pleading standards. (Doc. 700 at 9). The Court found the same as to Aetna's civil conspiracy counterclaim. (*Id.* at 13). The Court dismissed Greg Maldonado's negligent misrepresentation claim, however, because although Aetna was likely able to allege a duty as to Greg Maldonado, it had not done so. (*Id.* at 12). The Court also dismissed Aetna's state and federal RICO counterclaims against Greg Maldonado because Aetna failed to identify the enterprise at issue. (*Id.* at 16). The Court found Aetna had alleged sufficient facts for its tortious interference with contract counterclaim and its aiding and abetting counterclaim because that counterclaim was based on Aetna's underlying torts of fraud, tortious interference with contract, and its civil conspiracy counterclaims. (*Id.* at 19). The Court dismissed Aetna's ERISA counterclaim because although the TACC alleged the funds at issue remained in possession of the Counterclaim Defendants, it did not provide further factual support for this allegation as to Greg Maldonado. (*Id.* at 20). Last, the Court found the pled facts were sufficient to show Greg Maldonado received a benefit and thus Aetna had adequately pled an unjust enrichment and money had and received counterclaim. (*Id.* at 21).

---

[6] All thirteen of Aetna's counterclaims are asserted against "[a]ll Counterclaim Defendants." (Doc. 547 at 62–91)

Accordingly, the Court will **grant, in part,** Sean Maldonado's Motion to Dismiss as to Aetna's negligent misrepresentation counterclaim (counterclaim four), its state and federal RICO counterclaims (counterclaims five, six, seven, and eight), and its ERISA counterclaim (counterclaim eleven). The Court will **deny, in part**, Sean Maldonado's Motion to Dismiss as to Aetna's tortious interference with contract, fraud, civil conspiracy, aiding and abetting, unjust enrichment, and money had and received counterclaims (counterclaims one, two, three, nine, ten, twelve, thirteen).

### B.  Counterclaim Defendant James Allen's Motion

Allen joins Greg Maldonado's Motion to Dismiss for the same reasons and on additional grounds. (Doc. 637). Specifically, Allen argues the allegations related to him are lumped together and thus fail as a matter of law. (*Id.* at 4). Allen also argues the TACC contains no factual allegations of any actions taken or statements made by him. (*Id.*)

At the outset, "a complaint need not distinguish between defendants that had the exact same role in a fraud." *United States ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018). Nevertheless, the Court agrees with Allen that the fraud allegations contained in the TACC do not meet the level of particularity under the heightened Rule 9(b) pleading standard. Unlike the allegations against Greg Maldonado and Thomas Moshiri, Aetna provides no specific examples of Allen's involvement in the alleged scheme. Although Aetna conclusory alleges Allen was "aware of, participated in, and directed the relevant activities of ARS and ASD," Aetna does not offer further factual support for this claim. (Doc. 547 at ¶ 73). Aetna provides one example, based on information and belief, of Allen's involvement, including that he "intended and used the Professional Services Agreements to pay medical doctors and chiropractors kickbacks for their referrals to ASD-affiliated facilities, including the OTCs." (Doc. 547 at ¶¶ 116, 200, 203). Allegations based on information and belief, however, require further factual support. *See Tesi v. ReconTrust N.A.*, 2013 WL 2635613, at *4 (D. Ariz. May 7, 2013) ("[P]leading on information and belief, without more, is insufficient to survive a motion to dismiss."). And, as alleged, the TACC contains no such support.

The Court finds dismissal of the fraud counterclaims against Allen under Rule 9(b) is appropriate. The Court will dismiss the fraud counterclaims without prejudice. Although Allen joins Greg Maldonado's Motion on all his arguments, Allen raises no further arguments as to the tortious interference with contract, unjust enrichment, or the money had and received counterclaims (one, two, twelve, and thirteen). The Court rejected Greg Maldonado's arguments as to those counterclaims and the Court will do the same for Allen. Those counterclaims therefore remain.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sean Maldonado's Motion to Dismiss (Doc. 633) is **granted in part**, as to Aetna's state and federal RICO counterclaims (counterclaims five, six, seven, and eight), its ERISA counterclaim (counterclaim eleven), and its negligent misrepresentation counterclaim (counterclaim four) and **denied in part**, as to Aetna's tortious interference with contract, fraud, civil conspiracy, aiding and abetting, unjust enrichment, and money had and received counterclaims (counterclaims one, two, three, nine, ten, twelve, thirteen).

**IT IS FURTHER ORDERED** that Defendant James Allen's Motion to Dismiss (Doc. 637) is **granted in part**, as to Aetna's fraud and negligent misrepresentation counterclaims (counterclaims three and four), its state and federal RICO counterclaims (counterclaims five, six, seven, and eight), its civil conspiracy counterclaim (counterclaim nine), its aiding and abetting (counterclaim ten), and its ERISA counterclaim (counterclaim eleven). Those counterclaims **are dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Defendant James Allen's Motion to Dismiss (Doc. 637) is **denied in part**, as to Aetna's tortious interference with contract, unjust enrichment, and money had and received counterclaims (counterclaims one, two, twelve, thirteen).

Dated this 13th day of April, 2023.

Honorable Diane J. Humetewa
United States District Judge