**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Aetna Life Insurance Company; and Aetna Inc., <br><br> Counterclaimants, <br><br> v. <br><br> Advanced Reimbursement Solutions, LLC, et al., <br><br> Counterdefendants. | No. CV-19-05395-PHX-DJH <br><br> **ORDER** |

Defendants and Counterclaimants Aetna Life Insurance Company, Aetna Health Inc., and Aetna, Inc. (collectively "Aetna"), Counterdefendants Gregory Brian Maxon Maldonado, Sean Maxon Maldonado, and James Allen, and third parties Taylor Maxon Maldonado, Amanda Maxon Maldonado, Brandon Maxon Maldonado, Cortni Maxon Maldonado, Christopher Maxon Maldonado, and Annabelle Maxon Maldonado,[1] (collectively, Aetna and the Maldonado/Allen Parties are the "Moving Parties") have filed a Joint Motion and Stipulation for Entry of a Permanent Injunction. (Doc. 715). The Moving Parties stipulate to the entry of a permanent injunction to resolve all matters in dispute in this matter between them.

After reviewing the Moving Parties' Joint Motion and Stipulation for Entry of a

---

[1] Gregory Brian Maxon Maldonado, Taylor Maxon Maldonado, Brandon Maxon Maldonado, Cortni Maxon Maldonado, Christopher Maxon Maldonado, Annabelle Maldonado, Sean Maldonado, Amanda Maxon Maldonado, and James Allen are referred to herein as the "Maldonado/Allen Parties."

Permanent Injunction (the "Joint Motion") and associated filings, the Moving Parties' Joint Motion is granted as set forth herein:

**FINDINGS**

1. The Moving Parties have stipulated to the entry of the Order and "[s]tipulations entering injunctions are typically upheld." *Dexter v. Kirschner*, 984 F.2d 979, 984 (9th Cir. 1992); *Adobe Sys. Inc. v. Last Chance Buys, Inc.*, No. 3:15-cv-05038-HSG, 2016 WL 3648607, at *2 (N.D. Cal. July 8, 2016) (collecting cases and entering permanent injunction pursuant to stipulation).

2. This Court has subject-matter jurisdiction over this lawsuit.

3. The Court has personal jurisdiction over the Maldonado/Allen Parties.

4. Aetna asserted counterclaims against Gregory Brian Maxon Maldonado, Sean Maxon Maldonado, and James Allen alleging their participation in a scheme to defraud Aetna, its customers, and its members. (Doc. 547).

5. Aetna asserted similar claims against Counterdefendants Advanced Reimbursement Solutions, LLC ("ARS") and American Surgical Development, LLC ("ASD"). (*Id.*) ARS and ASD are majority owned by Pantheon Global Holdings, LLC, which itself is owned by Gregory Brian Maxon Maldonado, Brandon Maxon Maldonado, and Christopher Maxon Maldonado.

6. Based on the nature and scope of the conduct at issue, and where the Parties have stipulated, Aetna (1) has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships Aetna and the Maldonado/Allen Parties, a remedy in equity is warranted; and (4) the public interest would be served by a permanent injunction.

7. ARS and ASD filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code (the "ARS Bankruptcy"), in the United States Bankruptcy Court for the District of Arizona, Phoenix Division, Case Nos. 2:22-bk-06372-BKM & 2:22-bk-

06373-BKM, after which this Court stayed this lawsuit against ARS and ASD. (Doc. 687).

8. Aetna is a creditor to ARS and ASD and has filed claims in their consolidated bankruptcy proceeding. *See In re Advanced Reimbursement Solutions, LLC, et al.* No. 2:22-bk-06372-BKM (Bankr. D. Ariz.) (the "Bankruptcy Proceeding"). Aetna and the Maldonado/Allen Parties are parties to a Plan Liquidation Support Agreement that was adopted in the Bankruptcy Proceeding. (*See Id.* at Doc. 364).

9. United Healthcare Services Incorporated and UnitedHealthcare Insurance Company (collectively "United") are also creditors to ARS and ASD and have filed claims in the Bankruptcy Proceeding. United is also a party to the Plan Liquidation Support Agreement pending in the bankruptcy court. United has filed its own, separate civil action against ARS, ASD, and other parties. *United Healthcare Services Inc. et al. v. Advanced Reimbursement, LLC, et al.*, No. 2:21-cv-01302-DLR (D. Ariz.).

10. In connection with a mediation in the Bankruptcy Proceeding, settlements were reached between Aetna, United, ARS, ASD, and the Maldonado/Allen Parties to resolve, *inter alia*, Aetna's claims and potential claims against the Maldonado/Allen Parties in this matter, United's claims and potential claims against the Maldonado/Allen Parties in the United Proceeding, and the claims or potential claims of the estates of ARS and ASD against the Maldonado/Allen Parties in the Bankruptcy Proceeding.

    a. A settlement between Aetna, United, ARS, ASD, the Maldonados, Pantheon Global Holdings, LLC, Advantis Health Systems, LLC, and Pantheon Global Realty, LLC was entered into on April 13, 2023 (the "Maldonado Settlement Agreement");

    b. A settlement between Aetna, United, ARS, ASD, and James Allen was entered into on April 13, 2023 (the "Allen Settlement Agreement," together with the Maldonado Settlement Agreement, the "Settlement Agreements");

11. On April 14, 2023, the Moving Parties, United, ARS, and ASD filed a motion in the Bankruptcy Proceeding to approve the Maldonado Settlement Agreement, which were attached as Exhibit A to that motion. (*See* Bankruptcy Proceeding, Doc. 321). Also on April 14, 2023, the Moving Parties, United, ARS, and ASD filed a motion in the Bankruptcy Proceeding to approve the Allen Settlement Agreement, which was attached to that motion. (*See* Bankruptcy Proceeding, Doc. 322.) The Settlement Agreements included the entry of the injunction proposed herein. (*See* Bankruptcy Proceeding, Doc. 321, Ex. H-2; 322, Ex. A-2.) On July 7, 2023, the Bankruptcy Court entered an Order approving the settlement agreements. (*See* Bankruptcy Proceeding, Docs. 406, 407.)

12. The Moving Parties actively participated in the mediation and in negotiating the Settlement Agreements.

13. The Moving Parties were represented by counsel in connection with the mediation and the Settlement Agreements.

14. The Moving Parties consent to the entry of the Order freely and without coercion.

15. The Maldonado/Allen Parties acknowledge that they will receive actual notice of the terms of the Order upon its entry via ECF, and they are prepared to abide by the terms of the Order.

16. The Maldonado/Allen Parties agree that they are persons properly bound by the Order pursuant to Federal Rule of Civil Procedure 65(d)(2). *See Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 14 (1945); *S.E.C. v. Wencke*, 622 F.2d 1363, 1370 (9th Cir. 1980); *see also United States v. Elsass*, 769 F.3d 390, 398 (6th Cir. 2014) (upholding injunction restraining defendants and related nonparties).

17. The Order reflects the Moving Parties' agreement regarding the limitations to be placed on the Maldonado/Allen Parties' actions going forward, and the proposed injunction is being requested to facilitate the negotiated resolution of the Moving Parties'

claims against one another in this matter, the United Proceeding, and in the Bankruptcy Proceeding.

18. The Maldonado/Allen Parties waive all rights to appeal or otherwise challenge or contest the validity of the Order, including the sufficiency of the legal or factual findings set forth in the Order.

19. The Moving Parties agree that the Order will not, and is not intended to, limit or otherwise restrict the abilities or rights of Aetna, United, ARS, or ASD pursuant to the Settlement Agreements. The remedies available because of a violation of the Order by the Maldonado/Allen Parties are cumulative to the remedies available through the Settlement Agreements.

20. The Moving Parties will jointly move and stipulate to the dismissal of Aetna's counterclaims against Counterdefendants Gregory Brian Maxon Maldonado, Sean Maxon Maldonado, and James Allen shortly after entry of the Order by the Court.

21. So stipulated, the Moving Parties jointly move for entry of the Order.

**DEFINITIONS**

For the purposes of this Order, the following definitions apply:

"Aetna" means Aetna Life Insurance Company, Aetna Health Inc., and Aetna, Inc.

"Aetna's Affiliates" means the subsidiaries of CVS Health Corporation identified in Exhibit 21.1 of CVS Health Corporation's Form 10-K filed with the United States Securities and Exchange Commission for the fiscal year ended December 31, 2022, as well as any subsidiaries or affiliates that become affiliated with Aetna or CVS Health Corporation in the future.

"Claims" means a demand or request for payment.

"Health Care Provider" means an individual or entity providing medical and/or other health care services. For purposes of this Order, "Health Care Provider" includes any party that supplies pharmaceuticals or medical equipment of any kind.

# ORDER

**IT IS HEREBY ORDERED** that the Moving Parties' Joint Motion (Doc. 715) is **granted**.

**IT IS FURTHER ORDERED** that the Maldonado/Allen Parties are permanently enjoined from:

1. having any involvement in the preparation, submission, or billing of Claims to Aetna or Aetna's Affiliates, regardless of whether such Claims are billed on the Maldonado/Allen Parties' behalf or on behalf of third parties;

2. having any financial interest, directly or indirectly, in a Health Care Provider that submits or bills Claims to Aetna or Aetna's Affiliates;

3. having any financial interest, directly or indirectly, in any entity that is involved in any respect in the preparation, submission, or billing of Claims to Aetna or Aetna's Affiliates; and

4. engaging or participating in any activities, consulting services, marketing, referring, business dealings, or employment that, directly or indirectly, relates to or results in the billing or submission of Claims to, or payment by, Aetna or Aetna's Affiliates.

Notwithstanding the foregoing, to the extent that James Allen is authorized to practice law, such practice will not include any medical or legal claims against Aetna or Aetna's Affiliates.

**IT IS FINALLY ORDERED** that the Court shall retain jurisdiction over this action for the purpose of implementing and enforcing this permanent injunction.

Dated this 25th day of August, 2023.

Honorable Diane J. Humetewa
United States District Judge